UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERSONNA HOVER,

      Plaintiff,                             Case No.

v.                                           Hon. Laurie J. Michelson

WASHTENAW COMMUNITY COLLEGE,

      Defendant.

| Noah S. Hurwitz (P74063)<br>Grant M. Vlahopoulos (P85633)<br>HURWITZ LAW PLLC<br>*Attorneys for Plaintiff*<br>1514 Creal Crescent<br>Ann Arbor, MI 48103<br>(844) 847-9489<br>Noah@hurwitzlaw.com<br>Grant@hurwitzlaw.com | Heidi D. Hudson (P32495)<br>ZAUSMER, P.C.<br>*Attorneys for Defendant*<br>32255 Northwestern Highway, Ste 225<br>Farmington Hills, MI 48334<br>(248) 851-4111<br>Hhudson@zausmer.com |
|---|---|

*This matter is a companion case to Michelle Benin v. Washtenaw Community College, Case No. 20-cv-12812, and should be assigned to the Honorable Laurie J. Michelson*

### COMPLAINT AND DEMAND FOR JURY TRIAL

    NOW COMES Plaintiff Personna Hover, by and through her attorneys HURWITZ LAW PLLC, and states the following:

### INTRODUCTION

    1.    This is an employee rights lawsuit against Defendant Washtenaw Community College ("Defendant") that is precipitated by a discriminatory animus

and/or implicit bias within Defendant's Office of Human Resource Management against African American employees. Plaintiff Personna Hover ("Ms. Hover") was terminated as a result of Defendant treating African American employees differently than similarly situated non-African-American employees.[1]

## JURISDICTION AND PARTIES

2. Plaintiff Personna Hover ("Ms. Hover") is an individual residing in the City of Detroit, County of Wayne, State of Michigan.

3. Defendant Washtenaw Community College is a Michigan community college with its principal place of business in Ypsilanti, Michigan in the County of Washtenaw.

4. This action arises under the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*; Michigan's Elliot-Larsen Civil Rights Act (the "ELCRA"), M.C.L.A. § 37.1101, *et seq.*; the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101, *et seq.*; and Michigan's Persons with Disabilities Civil Rights Act (the "PWDCRA"), M.C.L.A. § 37.1101, *et seq.*

5. This Court has jurisdiction pursuant to 28 U.S.C.A. § 1331 (federal question jurisdiction) and 28 U.S.C.A. § 1343(a)(4) (jurisdiction over civil rights

---

[1] Pursuant to a Stipulated Order Severing Claims filed on December 22, 2021, the parties have stipulated to sever the claims brought by each Plaintiff in accordance with Federal Rule of Civil Procedure 21 for Case No. 2:20-cv-12812. This Second Amended Complaint is filed within 28 days from the date of entry of Court Order on behalf of Plaintiff Persona Hover.

claims). This Court also has supplemental jurisdiction pursuant to 28 U.S.C.A. § 1367 over Plaintiff's state law claims.

6. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391, as it is the district where the Defendant's principal place of business is located and where the events giving rise to Plaintiff's claims took place.

7. The facts and unlawful employment practices within the meaning of the FMLA, the ELCRA, the ADA, and the PWDCRA, and giving rise to this Complaint occurred within the Eastern District of Michigan.

8. Defendant is an employer and Plaintiff was its employee at all relevant times within the meaning of the FMLA, the ELCRA, the ADA, and the PWDCRA.

## FACTUAL ALLEGATIONS

9. Ms. Hover incorporates by reference herein the allegations contained in the foregoing paragraphs.

10. Ms. Hover is African American.

11. Ms. Hover, a University of Michigan graduate, was hired by Defendant on June 4, 2018 as Defendant's Community Scholars College Success Coach.

12. As of April 26, 2019, Defendant possessed medical documentation that Ms. Hover had been admitted to a healthcare facility for mental health treatment from April 1, 2019 through April 19, 2019.

13. Ms. Hover became eligible to use FMLA leave on June 4, 2019.

14. On June 13, 2019, Ms. Hover notified Defendant that she may need to use FMLA leave to care for her serious health condition.

15. Ms. Hover took a medical leave from July 2, 2019 through July 7, 2019 and requested that Defendant allow her to use vacation leave to cover the absences.

16. Defendant had knowledge of Ms. Hover's medical condition due the medical leave that Ms. Hover requested and took in April 2019.

17. On July 10, 2019, Defendant spoke with Ms. Hover regarding her "leave status." Defendant understood that Ms. Hover had "a doctor's appointment on July 17, 2019 and wants to remain off work until evaluated." The same day, Defendant stated that it was "sending FMLA certification for [Ms. Hover's] physician's completion."

18. On July 11, 2019, Defendant presented Ms. Hover with the Notice of Eligibility and Rights & Responsibilities (Family and Medical Leave Act) form issued by the Wage and Hour Division of the United States Department of Labor. This formal FMLA certification request stated that on July 10, 2019, Ms. Hover informed Defendant that she needed FMLA leave for her "own serious health condition." The form stated that Ms. Hover was "eligible for FMLA leave" and that she must return "sufficient certification to support [her] FMLA leave" by "July 26, 2019." The form also stated that "employers must allow at least 15 calendar days

4

from receipt of this notice," meaning that Ms. Hover had until July 26, 2019 to return her certification paperwork.

19. As demonstrated in the previous paragraph, Defendant's July 11, 2019 certification request triggered the FMLA's 15-day window to complete certification pursuant to 29 C.F.R. § 825.305.

20. On July 11, 2019, Ms. Hover submitted medical documentation to Defendant excusing her from work and advised Defendant, "I am not feeling up to returning to work at this present time. I have an appointment on the 17th that will be a follow up and I will be reevaluated then." Accordingly, Defendant was on notice as of July 11, 2019 that Ms. Hover was absent from work pursuant to FMLA leave.

21. On July 18, 2019, Defendant communicated with Ms. Hover regarding a doctor's appointment she had at 4:00 p.m. on July 17, 2019 and learned that Ms. Hover would be having a "specialist" doctor fill out her FMLA paperwork. The same day, Defendant admitted that Ms. Hover had "enough [leave time] to cover her through July 31, 2019 . . . 46 hours remaining for August plus her July sick and vacation accruals."

22. On July 19, 2019, Associate Vice President of Human Resources Christine Mihaly emailed a letter to Ms. Hover requesting "documentation supporting [Ms. Hover's] medical leave of absence beyond July 10, 2019."

5

23. On July 20, 2019, Defendant received communication from Ms. Hover's licensed clinical social worker that Ms. Hover was participating in a day treatment program. The licensed clinical social worker advised Defendant, "if you should require additional information please feel free to contact me."

24. Defendant did not contact Ms. Hover's licensed clinical social worker.

25. Defendant did not notify Ms. Hover why the communication from her licensed clinical social worker was not a sufficient certification pursuant to 29 U.S.C. § 2913(a).

26. Defendant did not provide Ms. Hover a reasonable opportunity to cure any purported deficiency in the certification.

27. Defendant did not state in writing to Ms. Hover what additional information was necessary to make her certification sufficient and allow Ms. Hover at least seven calendar days to cure the deficiency.

28. The morning of July 23, 2019, Ms. Hover again emailed Defendant that she was starting a mental health "day program" and still waiting for FMLA medical documentation due to switching doctors, but that she was using her banked paid time off to cover her absences on July 12, 15 and 16, 18 and 22, and that she had medical documentation to excuse her for July 17 and 19.

29. Ms. Hover told Defendant prior to her termination that she would be taking FMLA leave effective July 22, 2019.

30. On July 23, 2019, Ms. Mihaly wrote Ms. Hover that she had been "absent from work since July 11, 2019 and [had] not produced medical documentation to support a leave of absence during this time." Against the recommendation of former Retirement & Leave Coordinator Dana Reeds, Ms. Mihaly made the decision to terminate Ms. Hover on July 23, 2019, effective July 22, 2019.

31. At all times relevant to Ms. Mihaly's decision to terminate Ms. Hover, Defendant's Office of Human Resource Management was in constant and consistent communication with Ms. Hover.

32. Defendant terminated Ms. Hover before she was given 15 days to provide the requested certification after the employer's request pursuant to the FMLA, 29 C.F.R. § 825.305.

33. Ms. Hover was terminated without being notified that her FMLA certification was incomplete or insufficient.

34. Ms. Hover was terminated without Defendant engaging with Ms. Hover in the ADA's Interactive Process.

35. Had Defendant engaged with Ms. Hover in the ADA's Interactive Process, Ms. Hover could have been reasonably accommodated and return to work without causing Defendant to suffer any undue hardship.

## COUNT I - DISCRIMINATION IN VIOLATION OF ELCRA

36. Plaintiff incorporates by reference herein the foregoing paragraphs and allegations.

37. Defendant employed Ms. Hover within the meaning of the Elliott-Larsen Civil Rights Act, MCL 37.2010 et seq. ("ELCRA").

38. Defendant is an employer within the meaning of the ELCRA.

39. The ELCRA prohibits, among other things, discrimination based upon race.

40. Ms. Hover is an African American female.

41. Ms. Hover was qualified for their respective positions.

42. Ms. Hover was held to different standards than her white counterparts.

43. Ms. Hover suffered adverse actions, including failure to promote and termination, while similar-performing white employees were promoted and retained.

44. As a direct and proximate result of Defendant's discriminatory conduct, Ms. Hover was harmed, and continues to be harmed, in that she has suffered economic and non-economic loss, including but not limited to: lost wages; damages to professional reputation; emotional distress; outrage, humiliation; indignity and disappointment.

## COUNT II – FMLA INTERFERENCE AND RETALIATION

45. Plaintiff incorporates by reference herein the foregoing paragraphs and allegations.

46. Defendant was on notice as of July 11, 2019 that Ms. Hover was absent from work pursuant to FMLA leave.

47. On or around July 2019, Ms. Hover was eligible for FMLA leave.

48. On July 20, 2019, Ms. Hover provided medical documentation that she had a serious health condition that qualified her for FMLA leave.

49. Defendant did not notify Ms. Hover that she had submitted insufficient certification pursuant to 29 U.S.C. § 2913(a).

50. Defendant did not provide Ms. Hover a reasonable opportunity to cure any purported deficiency in the certification.

51. Defendant did not state in writing to Ms. Hover what additional information was necessary to make her certification sufficient and allow Ms. Hover at least seven calendar days to cure the deficiency.

52. Defendant terminated Ms. Hover before she was given 15 days to provide the requested certification after the employer's request pursuant to the FMLA, 29 C.F.R. § 825.305.

53. Defendant terminated Ms. Hover without notifying her that her FMLA certification was incomplete or insufficient.

54. Defendant therefore interfered with Ms. Hover's FMLA leave and/or retaliated against Ms. Hover for requesting FMLA leave.

55. Defendant's actions in violation of the FMLA were willful.

56. As a direct and proximate result of Defendant's interference and retaliation against Ms. Hover for exercising her FMLA rights, Ms. Hover suffered bodily injury, feelings of depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and the physical effects associated therewith, and will continue to suffer in the future.

57. As a further direct and proximate result of Defendant's violation of the FMLA, Ms. Hover has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work in the future.

## COUNT III - DISABILITY DISCRIMINATION

58. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

59. Defendant's treatment and termination of Ms. Hover violates the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101, et seq.; Michigan's Persons with Disabilities Civil Rights Act (the "PWDCRA"), MCL § 37.1210.

60. Ms. Hover was a "qualified individual with a disability" as defined in 42 U.S.C. § 12131(2).

61. Ms. Hover also had a "disability" within the meaning of MCL § 37.1103(d).

10

62. Defendant perceived and/or regarded Ms. Hover as having a physical disability. Ms. Hover was therefore regarded as having a disability under 42 U.S.C. § 12102(1)(C) and MCL 37.1103(d)(ii).

63. Despite her disability, Ms. Hover was at all relevant times qualified to perform the essential functions of her job with or without reasonable accommodation.

64. Defendant discriminated against Ms. Hover on account of her real and/or perceived disability in violation of the ADA, 42 U.S.C. § 12112, and the PWDCRA, MCL 37.1102(1), when it, inter alia, terminated Ms. Hover.

65. Defendant's decision to discriminate against and ultimately discharge Ms. Hover was motivated in substantial part by Ms. Hover's disability and/or Defendant's assumptions and unreasonable perceptions of Plaintiff's mental health condition.

66. Defendant's actions in violation of the ADA and the PWDCRA were willful.

67. As a direct and proximate result of Defendant's violation of the ADA and the PWDCRA, Ms. Hover has suffered bodily injury, feelings of depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and the physical effects associated therewith, and will so suffer in the future.

68. As a further direct and proximate result of Defendant's violation of the ADA and the PWDCRA, Ms. Hover has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

A. Judgment against Defendant in the amount of Plaintiff's unpaid back pay, front pay, injunctive relief, declaratory judgment, liquidated damages, punitive damages, and attorney fees under ELCRA, FMLA, ADA and PWDCRA;

B. Award Plaintiff appropriate equitable relief, compensatory damages, and exemplary damages;

C. Award Plaintiff appropriate civil penalties;

D. Award Plaintiff all costs, attorneys' fees, and interest incurred prosecuting this claim; and

E. All further relief as the Court deems just and equitable.

        Respectfully submitted
        HURWITZ LAW PLLC

        */s/ Noah S. Hurwitz*
        Noah S. Hurwitz (P74063)
        Attorney for Plaintiff

Dated: January 15, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERSONNA HOVER,

      Plaintiff,                                       Case No.

v.                                                Hon. Laurie J. Michelson

WASHTENAW COMMUNITY COLLEGE,

      Defendant.

| Noah S. Hurwitz (P74063) | Heidi D. Hudson (P32495) |
|---|---|
| Grant M. Vlahopoulos (P85633) | ZAUSMER, P.C. |
| HURWITZ LAW PLLC | *Attorneys for Defendant* |
| Attorneys for Plaintiff | 32255 Northwestern Highway, Ste 225 |
| 1514 Creal Crescent | Farmington Hills, MI 48334 |
| Ann Arbor, MI 48103 | (248) 851-4111 |
| (844) 847-9489 | Hhudson@zausmer.com |
| Noah@hurwitzlaw.com | |
| Grant@hurwitzlaw.com | |

## JURY DEMAND

NOW COMES Plaintiff Personna Hover, by and through her attorneys, HURWITZ LAW PLLC, and hereby demands a trial by jury of the issues in the above-captioned cause of action.

                                                              Respectfully submitted
                                                              HURWITZ LAW PLLC

                                                              */s/ Noah S. Hurwitz*
                                                              Noah S. Hurwitz (P74063)
Dated: January 15, 2022                  Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on January 15, 2022, the foregoing Complaint and Jury Demand was served upon Defendants' counsel-of-record via ECF.

/s/ Rebecca Svinicki
Rebecca Svinicki, Litigation Paralegal
